AT IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE ANNETTE CLAY, | |
| Plaintiff, | Case No. 15-cv-6287 |
| v. | Presiding Judge Hon. Matthew F. Kennelly |
| NATIONAL RAILROAD PASSENGER CORPORATION et al., | Magistrate Judge Hon. Susan E. Cox |
| Defendants. | |

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON
COUNTS I, IV, V AND VIII OF PLAINTIFF'S COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(c), Defendants National Railroad Passenger Corporation ("Amtrak"), Denyse Nelson-Burney, Keren Rabin, and Donna Peterkin (collectively, "Defendants"), by and through their attorneys, hereby move for judgment on the pleadings on Counts I, IV, V and VIII of Plaintiff Jacqueline Clay's ("Clay") Complaint. On July 17, 2015, Clay filed a Complaint against Defendants. Although Clay's Complaint includes eight counts, Defendants are moving to dismiss only Counts I, IV, V, and VIII.

Count I is fatally flawed because it seeks relief pursuant to 42 U.S.C. § 1983, which applies only to state wrongdoing. Clay's complaint makes no corresponding allegation that Amtrak or any of the individual Defendants acted under the authority of state law.

Count IV warrants dismissal because Clay never exhausted her administrative remedies with respect to the Americans with Disabilities Act of 1990 ("ADA") claim in her Complaint. The EEOC Charge Clay attached to her Complaint demonstrates that before the EEOC she charged only that Amtrak discriminated against her based on her association with a disabled

individual.  In contrast, her Complaint alleges a different claim based on her own alleged disabilities, Discord & Systemic Lupus and Hypertension.

Count V, brought under Title VII of the Civil Rights Act of 1964 ("Title VII") fails to state a claim for relief because Clay's Complaint makes no supporting factual allegations regarding conduct allegedly unlawful under Title VII.

Count VIII asserts that Defendants intentionally inflicted emotional distress upon Clay. However, the alleged actions of the Defendants detailed in Clay's Complaint fall far short of the high standard for "extreme and outrageous" conduct, notwithstanding Clay's bare, conclusory allegation otherwise.

WHEREFORE, for the reasons set forth herein and in the accompanying Defendants' Memorandum of Law in Support of Their Motion for Judgment on the Pleadings on Counts I, IV, V and VIII of Plaintiff's Complaint, which is incorporated hereto, Defendants respectfully request that their motion be granted and that the Court dismiss Counts I, IV, V, and VIII of Clay's Complaint with prejudice.

Dated: January 11, 2016

Respectfully submitted,

*/s/ Emily A. Glunz*
Emily A. Glunz

Ross H. Friedman
Kevin F. Gaffney
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, Illinois 60601
Telephone: +1.312.324.1000
Facsimile: +1.313.324.1001

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I, Emily A. Glunz, an attorney, hereby certify that on January 11, 2016, the foregoing Motion to for Judgment on the Pleadings was filed with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notice to:

John P. DeRose
John P. DeRose and Associates
15 Spinning Wheel Road
Hinsdale, IL 60521
(630)920-1111
john@johnderoselaw.com

/s/ *Emily A. Glunz*
Emily A. Glunz